# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN MICHAEL LOPEZ,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>KEVIN HIXTON,<br><br>　　　　Respondent. | Case No. 1:23-cv-01368-JLT-EPG-HC<br><br>FINDINGS AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS AND DISMISS PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE<br><br>(ECF No. 7) |

Petitioner Steven Michael Lopez, represented by counsel, is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2019 Tulare County Superior Court convictions. Based on abstention principles, the undersigned recommends granting Respondent's motion to dismiss and dismissing the petition without prejudice.

## I.

## BACKGROUND

Petitioner was convicted after a jury trial in the Tulare County Superior Court of discharging a firearm at an occupied vehicle, battery, and being a felon in possession of a firearm. (ECF No. 1 at 2[1]; LD[2] 1.) The jury also found true firearm and gang allegations. (Id.)

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.
[2] "LD" refers to the documents lodged by Respondent. (ECF No. 9.)

1

The trial court found various enhancements true, and on January 23, 2020, Petitioner was sentenced to an imprisonment term of forty-five years to life plus six years. (ECF No. 1 at 3; LD 1.)

Petitioner appealed. On May 20, 2022, the California Court of Appeal, Fifth Appellate District reversed the gang and firearm enhancements and ordered:

> [T]he matter is remanded to the trial court for further proceedings. The People shall have 60 days from the date of the remittitur in which to file an election to retry Lopez on these enhancements. If the People elect not to retry him, the trial court shall modify the judgment by striking the enhancements and shall resentence Lopez accordingly.

(LD 2 at 32.) The judgment was affirmed in all other respects. (Id.) On August 10, 2022, the California Supreme Court denied Petitioner's petition for review. (LDs 3, 4.)

On September 18, 2023, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court. (ECF No. 1.) On November 17, 2023, Respondent filed a motion to dismiss the petition based on Younger v. Harris, 401 U.S. 37 (1971). (ECF No. 7.) Petitioner filed an opposition, and Respondent filed a reply. (ECF Nos. 11, 12.) As of November 17, 2023, Petitioner was scheduled to be resentenced on January 9, 2024.

## II.

## DISCUSSION

"Younger abstention is a jurisprudential doctrine rooted in overlapping principles of equity, comity, and federalism." San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose, 546 F.3d 1087, 1091 (9th Cir. 2008). "In Younger, the Supreme Court held that federal courts should abstain from staying or enjoining pending state criminal prosecutions absent extraordinary circumstances." Bean v. Matteucci, 986 F.3d 1128, 1133 (9th Cir. 2021) (citing Younger, 401 U.S. at 45). Extraordinary circumstances include "cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction," or situations "where irreparable injury can be shown." Brown v. Ahern, 676 F.3d 899, 903 (9th Cir. 2012) (internal quotation marks omitted) (quoting Carden v. Montana, 626 F.2d 82, 84 (9th Cir. 1980)).

Petitioner claims that the reversed enhancements comprise a small portion of Petitioner's sentence and even if Petitioner ultimately does not receive the enhancements, his underlying convictions have been affirmed. "Thus, the resentencing will not render any of the issues contained in the Petition moot as none of the issues deals with sentencing. [And] in these limited circumstances, *Younger* abstention does not bar Petitioner from seeking federal review of his final judgment on the claims raised in the Petition at this time." (ECF No. 11 at 3.) Petitioner relies on Phillips v. Vasquez, 56 F.3d 1030 (9th Cir. 1995), to support his contention that Younger abstention is not appropriate in the instant case. (ECF No. 1-1 at 11.)

The question of whether a federal court should abstain from exercising jurisdiction over a habeas petition challenging a conviction when there is no final decision regarding the sentence has been addressed in Phillips v. Vasquez, 56 F.3d 1030 (9th Cir. 1995), and Edelbacher v. Calderon, 160 F.3d 582 (9th Cir. 1998). In Phillips, it had been fifteen years since Phillips "was convicted of murder and first sentenced to death, and ten years since the state supreme court affirmed his conviction and vacated his sentence." 56 F.3d at 1032. Phillips was resentenced to death and there was "no end in sight" or "indication that Phillips' appeal from his [re]sentence [would] be decided anytime in the near future." Id. at 1038, 1032. The Ninth Circuit held that "[i]n light of the extraordinary delay . . . Phillips may bring his habeas petition regarding the constitutionality of his conviction despite the fact that the state has not yet made a final ruling on his sentence." Id. at 1033. In Edelbacher, the Ninth Circuit held that "[w]hen there is a pending state penalty retrial and no unusual circumstances, we decline to depart from the general rule that a petitioner must await the outcome of the state proceedings before commencing his federal habeas corpus action." 160 F.3d at 582–83. In so holding, the Ninth Circuit emphasized the "narrow holding in Phillips," and found Phillips distinguishable "in several material respects":

> (1) a retrial of the penalty phase in state court is ongoing; (2) there is no assignment of the necessary capital or non-capital status in this case; (3) there are no "unusual circumstances" which might suggest that "no end is in sight" to the state court proceedings and (4) the delay in question is not attributable to an "ineffective" state process, but primarily to the extended proceedings relating to the guilt issue.

Edelbacher, 160 F.3d at 584.

1      Here, the Court finds that the instant matter is more akin to Edelbacher than Phillips. At

2 the time the petition was filed, Petitioner's resentencing was pending, there are no unusual

3 circumstances suggesting "no end is in sight" to the state court proceedings, and there has not

4 been any extraordinary delay in the state court proceedings attributable to an ineffective state

5 process. Accordingly, "we decline to depart from the general rule that a petitioner must await the

6 outcome of the state proceedings before commencing his federal habeas corpus action."

7 Edelbacher, 160 F.3d at 583. See Washington v. Shirley, No. 1:21-cv-01504-JLT-SAB, 2022

8 WL 721669, at *1 (E.D. Cal. Feb. 4, 2022) (finding Younger abstention warranted where

9 petitioner was awaiting a remand hearing in superior court), report and recommendation adopted,

10 2022 WL 1017894 (E.D. Cal. Apr. 5, 2022); Suares v. Johnson, No. CV 19-10555 MWF (PVC),

11 2020 WL 5665664, at *6 (C.D. Cal. June 11, 2020) (collecting cases), report and

12 recommendation adopted, 2020 WL 5658713 (C.D. Cal. Sept. 22, 2020). As Petitioner has an

13 ongoing resentencing in state court after reversal of the gang and firearm enhancements on direct

14 appeal, the instant federal habeas petition is premature and should be dismissed without

15 prejudice.

## III.

## RECOMMENDATION

18     Accordingly, the undersigned HEREBY RECOMMENDS that:

19   1. Respondent's motion to dismiss (ECF No. 8) be GRANTED; and

20   2. The petition for writ of habeas corpus be DISMISSED WITHOUT PREJUDICE.

21     This Findings and Recommendation is submitted to the assigned United States District

22 Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local

23 Rules of Practice for the United States District Court, Eastern District of California. Within

24 **fourteen (14) days** after service of the Findings and Recommendation, any party may file

25 written objections with the court and serve a copy on all parties. Such a document should be

26 captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the

27 objections shall be served and filed within fourteen (14) days after service of the objections. The

28 assigned District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C.

§ 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **February 2, 2024**                    /s/ *Erica P. Grosjean*
                                                                UNITED STATES MAGISTRATE JUDGE