**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STEVEN MICHAEL LOPEZ,<br><br>              Petitioner,<br><br>      v.<br><br>KEVIN HIXTON,<br><br>              Respondent. | No. 1:23-cv-01368 JLT EPG (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING RESPONDENT'S MOTION TO DISMISS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE, DIRECTING CLERK OF COURT TO CLOSE CASE, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY<br><br>(Docs. 7, 13) |

Steven Michael Lopez, represented by counsel, is a state prisoner proceeding with a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On February 2, 2024, the magistrate judge issued Findings and Recommendations recommending that the petition for writ of habeas corpus be dismissed without prejudice based on *Younger v. Harris*, 401 U.S. 37 (1971). (Doc. 13.) On February 12, 2024, Petitioner filed timely objections. (Doc. 14.)

According to 28 U.S.C. § 636(b)(1)(C), this Court performed a *de novo* review of this case. Having carefully reviewed the matter, the Court concludes the Findings and Recommendations are supported by the record and proper analysis. Petitioner's primary objection is that *Younger* does not apply here because, though his state sentence was vacated and

1

resentencing remains pending, the instant habeas petition does not raise issues that will be relevant to the resentencing. (*See* Doc. 14 at 3.) This argument is unconvincing considering the reasoning set forth in *Edelbacher v. Calderon*, 160 F.3d 582 (9th Cir. 1998). The Findings and Recommendations correctly applied *Edelbacher* to find that *Younger* abstention is appropriate here. (*See* Doc. 13 at 3.)

Having found that Petitioner is not entitled to habeas relief, the Court now turns to whether a certificate of appealability should issue. A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); 28 U.S.C. § 2253. Where, as here, the Court denies habeas relief on procedural grounds without reaching the underlying constitutional claims, the Court should issue a certificate of appealability "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

In the present case, the Court finds that reasonable jurists would not find the Court's determination that the petition should be dismissed debatable or wrong, or that Petitioner should be allowed to proceed further. Therefore, the Court declines to issue a certificate of appealability. Thus, the Court **ORDERS**:

1. The Findings and Recommendations issued on February 2, 2024 (Doc. 13) are **ADOPTED IN FULL**.
2. Respondent's motion to dismiss (Doc. 7) is **GRANTED**.
3. The petition for writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE**.
4. The Clerk of Court is directed to **CLOSE THE CASE**.

///

///

5. The Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:  **April 17, 2024**

_____
UNITED STATES DISTRICT JUDGE